IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff-Respondent, | ) | Case No. | CV-08-341-S-BLW |
| | ) | | CR-01-52-S-BLW |
| v. | ) | | |
| | ) | **MEMORANDUM DECISION** | |
| RYAN O. GITTENS, | ) | **AND ORDER** | |
| | ) | | |
| Defendant-Movant. | ) | | |
| | ) | | |

Pending before the Court is Ryan O. Gittens' ("Gittens") Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-341-S-BLW) as amended by Amendments to § 2255 Motion (Docket No. 4), Motion to Amend § 2255 (Docket No. 26), Motion for Transcripts (Docket No. 32), Motion for Trial Transcripts (Docket No. 33), and Supplemental Appendix (Docket No. 34) construed as a Motion for New Trial.  Having reviewed the Government's Response (Docket No. 10), the Government's Supplemental Response (Docket No. 15), and Gittens' Reply

**Memorandum Decision and Order - 1**

(Docket No. 28), as well as the record in the underlying criminal case, the Court enters the following Order denying the various motions and dismissing the § 2255 Motion.

## MOTION FOR NEW TRIAL

A year after filing his § 2255 Motion, Gittens has filed what has been docketed as a Supplemental Appendix to the § 2255 Motion. In actuality, it appears to be a Motion for New Trial based on the Court's failure to instruct the jury regarding the statutory mandatory minimum sentence he was facing. The Court shall deny the motion for two reasons.

First, Gittens' motion is untimely. New trial motions based on grounds other than newly discovered evidence must be brought within seven days after a jury verdict. Fed. R. Crim. P. 33(b)(2). Although a court may extend the time for filing after the time expires, it may only do so if the failure to file was based on excusable neglect. Fed. R. Crim. P. 45(b)(1)(B). However, even if the motion were timely, it would fail.

Second, the case on which Gittens' argument is based is no longer good law. In support of his motion, Gittens relies on *United States v. Polizzi*, 549 F.Supp. 2d 308 (E.D.N.Y. 2008) which granted the defendant's motion for new trial on the grounds that it was constitutional error to deny his request to inform the jury of the

**Memorandum Decision and Order - 2**

mandatory minimum sentence.  The Second Circuit vacated the district court's decision and remanded finding that a defendant does not have such a Sixth Amendment right.  *See United States v. Polouizzi*,[1] 564 F.3d 142, 160 (2d Cir. 2009) (citing *Shannon v. United States*, 512 U.S. 573, 584 (1994) (rejecting argument that an instruction on sentencing consequences of a jury verdict was required as a matter of general federal criminal practice)).

## MOTION TO AMEND § 2255 MOTION

Gittens' Motion to Amend § 2255 Motion (Docket No. 26) challenges the jurisdiction of the Court.  The Government objects to allowing further amendment of the § 2255 Motion on the grounds that any newly asserted claim is barred by the statute of limitations.  The Court shall deny the motion for two reasons.

First, a § 2255 motion must be brought within one year of the latest of several possible dates, the only relevant one of which here is the date on which the judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final ten days after the district court enters judgment.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

---

[1]  The defendant is known by several names one of which was used in the title of the district court case and another of which was used in the title of the court of appeals case.

**Memorandum Decision and Order - 3**

Judgment was entered against Gittens on August 17, 2007.  Therefore, his conviction became final on August 27, 2007, and the deadline for filing a § 2255 motion was August 27, 2008.  Although Gittens' initial § 2255 Motion was timely filed, he did not seek to include the jurisdictional claim until February 2, 2009, well after the statute of limitations had run.  Although Fed. R. Civ. P. 15(c) allows relation back of amendments to the date of the initial filing, in post-conviction proceedings, the relation back provision is applicable only if a common core of operative facts exists between the newly asserted claim and the original claim.  *See Mayle v. Felix*, 545 U.S. 644, 659, 664 (2005).  Gittens' jurisdictional claim clearly does not share a common core of facts with his original claims of ineffective assistance of counsel.

Second, even if the jurisdictional claim were not barred by the statute of limitations, it would be futile to allow the amendment.  The primary jurisdictional argument is based on the assertion that "United States laws . . . differentiate between an artificial entity and a flesh and blood man . . . who has unwittingly taken or rather have be (sic) given the responsibility for a faux entity" and that, therefore, "matters such as this" should be civil in nature.  *Motion to Amend* at 2 (Docket No. 26).  Clearly, this is a frivolous argument and would be subject to dismissal even if timely filed.

**Memorandum Decision and Order - 4**

## MOTIONS FOR TRANSCRIPTS

In his Motion for Transcripts (Docket No. 32), Gittens requests a copy of the Government's closing argument that was missing from a transcript received from counsel.  Gittens states that he did not initially see the need for the closing argument, but he would now "like to read that particular missing portion."  In his Motion for Trial Transcripts (Docket No. 33), Gittens requests trial transcripts "in their entirety" because his § 2255 motion "is being hindered."

The Court shall deny both motions.  Defendant is not entitled to copies of any portion of a transcript without cost unless the Court certifies that the transcript is needed to decide an issue raised in his § 2255 Motion.  *See* 28 U.S.C. § 753(f). The transcript of the Government's closing argument clearly is not required to decide Gittens' ineffective assistance of counsel claims.  Also, as shown below, the trial transcripts are not required to decide any of the issues raised by Gittens.

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Issues

On July 13, 2001, a Second Superseding Indictment (Docket No. 37 in criminal case) was filed against Gittens and fifteen other defendants in which Gittens was charged in Count One with conspiracy to distribute ecstacy, LSD, ketamine, and cocaine (collectively known as "club drugs") in violation of 21

**Memorandum Decision and Order - 5**

U.S.C. §§ 846, 841(b)(1)(A); in Count Eleven with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and in Count Sixteen with drug forfeiture in accordance with 21 U.S.C. § 853.  The conspiracy involved distribution of club drugs in the Boise area during 2000 and 2001 that were obtained from Las Vegas, Nevada.  *See Second Superseding Indictment* at 2-13.  The club drugs were sold at rave parties promoted by some of the members of the conspiracy.  *Id.*

On June 28, 2001, undercover investigators witnessed Gittens, who was primarily known as "Fury," engaging in a purported ecstasy transaction at the airport in Las Vegas.  Gittens left the area almost immediately after the transaction, and his whereabouts were unknown until he surrendered to the United States Marshal Service at JFK International Airport in New York on April 28, 2006.  Gittens maintained his innocence and went to trial represented by CJA appointed counsel.  The first trial ended in a hung jury on November 17, 2006.  *Minute Entry* (Docket No. 450 in criminal case).  The second trial resulted in a conviction on the conspiracy count on February 9, 2007.  The jury was "hopelessly deadlocked" on the cocaine distribution count.  *Minute Entry* (Docket Nos. 472; 473 in criminal case); *Special Verdict* (Docket No. 477 in criminal case).  The Court granted the Government's motion to dismiss the cocaine count.

**Memorandum Decision and Order - 6**

A draft Presentence Report ("PSR") was prepared to which Gittens filed several objections essentially denying any involvement with the conspiracy and any indication that he possessed, carried, or displayed a firearm. He also objected to the drug quantity and the 2-level firearm enhancement. Finally, he argued that he should get a 4-level role reduction adjustment rather than the 3-level reduction recommended in the PSR.

The final PSR maintained the initial offense level calculation of 25 which, with a criminal history category of I, yielded a guideline range of 57 to 71 months. However, because of the statutory mandatory minimum, the range effectively became 60 to 71 months. The Probation Officer recommended a sentence of 66 months. In his sentencing memorandum, Gittens continued to argue against the firearm enhancement and requested a sentence at the mandatory minimum of 60 months. *Sent. Mem.* (Docket No. 513 in criminal case).

At sentencing, counsel advised the Court that they had reached an agreement whereby Gittens would admit his involvement in the conspiracy and waive his objections and his right to appeal in return for the Government's agreement to recommend a sentence of 63 months rather than to pursue a higher sentence. After engaging in a colloquy with Gittens similar to a plea colloquy, the Court determined that he was voluntarily and knowingly agreeing to waive his

**Memorandum Decision and Order - 7**

objections, to waive his appeal rights, and to a sentence of 63 months.  Thereafter, the Court imposed a sentence of 63 months.

Gittens timely filed his § 2255 Motion alleging various grounds of ineffective assistance of counsel.  The Court allowed a subsequently submitted amendment (Docket No. 4) alleging further grounds of ineffective assistance of counsel.

**B.     Standard of Law**

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255(a).  A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle an individual to relief.  *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a

**Memorandum Decision and Order - 8**

federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If it does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If it does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.  The Court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record.  *See Blackledge v. Allison,* 431 U.S. 63, 67 (1977); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## 2.    Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of

**Memorandum Decision and Order - 9**

counsel claims is deficient performance and resulting prejudice.   *See Strickland v. Washington*, 466 U. S. 668 (1984).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  Under the performance prong, there is a strong presumption that counsel's  performance falls "within the wide range of reasonable professional assistance." *Id*. at 689.  This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.*  For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).   In evaluating the performance prong, the court should "assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the

**Memorandum Decision and Order - 10**

result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.

The *Strickland* standard is "highly demanding."  *Kimmelman,* 477 U.S. at 381-82.

Both prongs of the *Strickland* test must be met "before it can be said that a

conviction (or sentence) 'resulted from a breakdown in the adversary process that

render[ed] the result [of the proceeding] unreliable' and thus in violation of the

Sixth Amendment."  *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005)

(quoting *Strickland*, 466 U.S. at 687).

In evaluating an ineffective assistance of counsel claim, the Court may

consider the performance and prejudice components of the *Strickland*  test in either

order.  *Strickland*, 466 U.S. at 697.  Furthermore, the Court need not consider one

component if there is an insufficient showing of the other.  *Id.*

## C.    Discussion

Generally, a district court should not review a § 2255 motion until direct

appeal is exhausted.  *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997)

(citing *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (noting

disposition of appeal may render the § 2255 proceeding unnecessary)).

Accordingly, the Court will first address Gittens' claim that he wished to file a

notice of appeal but counsel would not take his calls or respond to his letters.  The

Court will construe the claim as one of ineffective assistance of counsel for failure

**Memorandum Decision and Order - 11**

to file a notice of appeal.  If the Court were to find for Gittens on that claim, it would be premature to address the remaining claims until after the appeal had been resolved.

### 1.    Failure to File a Notice of Appeal

Gittens first raised this issue in his Amended § 2255 Motion filed on September 9, 2008.  *Amendment* at 3 (Docket No. 4).   In an affidavit submitted by the Government with its Response, defense counsel stated that Gittens did not ask him to file a notice of appeal.  *DeFranco Aff.* ¶ 15 (Docket No. 10-3).  In his Reply, while admitting that he did not verbally ask counsel to file a notice of appeal, Gittens reiterates that counsel's failure to respond to his calls and letters prevented a timely appeal.  *Reply* at 23-24 (Docket No. 21).[2]

In its Response to Gittens' Motion to Amend filed on February 3, 2009, the Government asserted a statute of limitations defense to any claims filed beyond the one-year statute of limitations.  *Response* (Docket No. 27).  As stated above, for

---

[2]  Gittens' Reply is supported by the so-called Affidavit of his mother.  In reality, although his mother's signature was notarized, her letter responding to various questions propounded by Gittens is an unsworn statement.  *Letter from Wendy McCollin* at 32 -38 (Docket No. 21).  In her letter, Mrs. McCollin stated that Gittens told her in a telephone conversation from the Ada County Jail that he wanted to appeal but was having a hard time reaching counsel.  *Id*. at 34.  She also stated that Gittens "really wanted to appeal."  *Id* at 38. The Court gives little weight to these unsworn statements.

**Memorandum Decision and Order - 12**

statute of limitations purposes, a claim presented in an amendment to a timely filed § 2255 motion only relates back to the date of the initial motion if it arises from the same core of facts as a claim in the initial petition. *See Mayle*, 545 U.S. at 659, 664. Clearly, a claim of ineffective assistance of counsel for failure to file a notice of appeal does not arise from a common core of operative facts shared with claims of ineffective assistance of counsel at the pre-trial, trial, and sentencing phase of the proceedings. Accordingly, because the deadline for claims under § 2255 was August 17, 2008, the claim of ineffective assistance of counsel filed on September 9, 2008, is subject to dismissal for untimeliness.[3] Even if the Government did not intend to assert the statute of limitations defense to this claim, however, the claim would be subject to dismissal.

Ineffective assistance of counsel claims for failure to file a notice of appeal

---

[3] The Court recognizes that the Government stated that the deadline for filing § 2255 claims was October 1, 2008. *Response* at 2. However, that date was based on the Government's erroneous statement that Judgment was entered on October 1, 2007 when, in fact, that date was the date on which the Judgment was returned executed. Given that the Government raised the statute of limitations defense to the February 2, 2009 amendment, the Court assumes that but for the mistaken belief that it was timely, the Government would have done likewise for the September 9, 2008 amendment that included this claim. The Court may raise the defense *sua sponte*, however. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (affirming *sua sponte* dismissal of a § 2254 petition as untimely where the Court discovered a miscalculation by the State of the tolling time which resulted in a "patently erroneous concession of timeliness").

**Memorandum Decision and Order - 13**

are evaluated under the *Strickland* test.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477

(2000).  Where a defendant specifically instructs counsel to file a notice of appeal,

failure to do so constitutes ineffective assistance of counsel, and the lost chance to

appeal constitutes prejudice.  *United States v. Sandoval-Lopez*, 409 F.3d 1193,

1196-98 (9th Cir. 2005).  However, where a defendant does not instruct counsel to

either file or not file a notice of appeal, the court must first determine whether

counsel consulted with the defendant regarding an appeal.  *Flores-Ortega*, 528

U.S. at 477-78.  If counsel has not done so, then the court must determine whether

that failure to consult in and of itself constituted deficient performance.  *Id.*

Counsel has a duty to consult "when there is reason to think either (1) that a

rational defendant would want to appeal (for example, because there are

nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably

demonstrated to counsel that he was interested in appealing."  *Id.* at 480.

Because Gittens admits that he did not orally instruct counsel to file a notice

of appeal, the Court must consider whether counsel had a duty to consult.  Here,

counsel had no reason to believe that Gittens would have wanted to appeal since

Gittens clearly and unequivocally waived his right to appeal his conviction and

**Memorandum Decision and Order - 14**

sentence at the sentencing hearing and agreed to the sentence imposed.[4]  *See Sent. Tr.* at 9-11.  Therefore, the only issue is whether Gittens reasonably demonstrated to counsel that he was interested in appealing.

Gittens states that he tried calling and writing to request that counsel file a notice of appeal.  Given defense counsel's affidavit that Gittens did not ask him to appeal, the Court presumes that he did not receive a letter from Gittens during the 10 days following entry of judgment.  *DeFranco Aff.* ¶ 15.  That leaves Gittens' unsworn claim that defense counsel refused to take his calls and defense counsel's affidavit stating that he "disagree[s] with Gittens' claim that he did not field his phone calls."  *DeFranco Aff.* ¶ 13.  The Court, informed by Gittens' apparent false testimony at both trials, simply does not find Gittens' unsworn claim credible in the face of counsel's affidavit.  Accordingly, the claim of ineffective assistance of counsel is subject to dismissal.

## 2.     Failure to Secure Plea Agreement

Gittens asserts that after his first trial, counsel should have attempted to secure an "acceptable plea agreement" which would have reduced his sentence and also reduced his chances of deportation.   The Government, supported by affidavits

---

[4]  Indeed, the Court specifically recalls Gittens' almost enthusiastic acceptance of the agreement reached by counsel.

**Memorandum Decision and Order - 15**

from the AUSA and defense counsel, responded that plea negotiations were

ongoing but an agreement was not possible given Gittens' adamant assertion –

which continued through his testimony at both trials –  that he was not involved

with drug trafficking.  *DeFranco Aff.* ¶ 4; *Stiles Aff.* at 1-2.  Defense counsel also

states that he has correspondence detailing his efforts to resolve the case.

*DeFranco Aff.* ¶ 4.

      The AUSA detailed his motivation for seeking a plea agreement before both

trials.  *Stiles Aff.*  Prior to the first trial, the Government sought a plea agreement to

avoid trying a case that had been pending for several years while Gittens was a

fugitive.  *Stiles Aff.* at 2.  Prior to the second trial, the Government "spent

considerable time and resources locating witnesses and evidence which ultimately

proved the falsity of [Gittens'] testimony [at the first trial]." *Id.*  Throughout that

time, defense counsel "actively sought and bargained for a favorable plea

resolution to the case, " yet Gittens continued to deny any involvement in drug

trafficking.  *Id.*  It was only after the Government agreed to a sentencing

recommendation conditioned on Gittens' waiver of objections and admission that

he had testified falsely at trial did Gittens admit that he had been involved in

distributing drugs.  *Id.*

      In his Reply, Gittens does not deny that he continued to maintain his

**Memorandum Decision and Order - 16**

innocence.  He instead asserts that he was never given a written plea agreement with an agreed upon sentence.  Gittens would have the Court believe that he would have pled guilty if he had been presented with a written plea agreement.  However, it appears that his own steadfast refusal to admit culpability rather than any ineffectiveness on counsel's part prevented plea negotiations from ever reaching the stage of a written agreement.

### 3.   Failure to Object

Gittens claims that counsel was ineffective for failing to object "to many things that could and should have been objected to." *§ 2255 Motion* ¶ 2.  However, he gives only one example of the claimed ineffectiveness.

Gittens asserts that counsel was ineffective for failing to object to the AUSA's allegedly improper conduct during the testimony of Arielle Van Zant when the AUSA tapped Gittens on his shoulder pointing him out after the witness initially was unable to identify him.  He further alleges that the Court "reprimanded" the AUSA.  Gittens claims that rather than objecting to the conduct, defense counsel denied it happened.  Finally, Gittens claims that the transcript has been altered because the Court's reprimand does not appear in the transcript. Defense counsel's recollection of Van Zant's testimony "is different than Gittens' recollection."  *DeFranco Aff.* ¶ 8.

**Memorandum Decision and Order - 17**

"The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had."  28 U.S.C. § 753(b).  A review of the transcript of Van Zant's testimony reveals that she did not see Gittens initially because her view was blocked, that she recognized Gittens once she could see him, that the AUSA then apparently pointed him out in some way, that the Court commented, and that the AUSA apologized.  *Van Zant Tr.* at 14-16 (Docket No. 482 in criminal case).

Whether the Court's comments were more extensive than what was reported is irrelevant.  Furthermore, as defense counsel stated in his Affidavit, he made a tactical decision not to object and that even without that witness' testimony, there was competent evidence from other sources to tie Gittens to the conspiracy.  *DeFranco Aff.* ¶¶ 7, 8.  Such tactical decisions of counsel are virtually unchallengeable.  *Strickland*, 466 U.S. at 690.  Furthermore, it is clear that any deficient performance in this regard did not prejudice Gittens given the testimony of several other witnesses tying him to the conspiracy and the fact that Van Zant identified him prior to the AUSA's pointing him out.[5]

---

[5]  At the second trial, eight witnesses, seven of whom were Gittens' co-defendants, testified on behalf of the Government.  Gittens and one co-defendant testified for the defense.

**Memorandum Decision and Order - 18**

### 4.      Failure to Bring Attention to Favorable Witnesses

Gittens claims that defense counsel told him after his conviction that he had interviewed at least two of his co-defendants who stated that Gittens was not a partner in the "drug dealing that went on in Idaho." *§ 2255* ¶ 3.  Defense counsel states that after speaking with witnesses after conviction but prior to sentencing, one co-defendant was potentially favorable to Gittens.   *DeFranco Aff.* ¶ 9. However, the individual would not get involved, and counsel did not think his testimony would have been persuasive to the jury or the Court in any event.  *Id.* Again, strategic decisions of counsel are virtually unchallengeable.  *Strickland*, 466 U.S. at 690.  Furthermore, in light of the overwhelming evidence against Gittens, he cannot demonstrate prejudice.

### 5.      Failure to Raise Issue that a Witness Allegedly Misidentified Him.

Gittens refers to a statement provided in discovery in which a witness provided a physical description of the "Ryan" present at a particular LSD sale.  He states that counsel deemed it irrelevant that the description could not possibly have applied to him.  He contends the individual described was a roommate of one of his co-defendants.  However, even if it were true that Gittens was not present at the subject LSD sale, he cannot demonstrate prejudice.  The LSD transaction was but one of several drug transactions in which Gittens was implicated.

**Memorandum Decision and Order - 19**

**6.     Amendments to § 2255 Motion (Docket No. 4)**

In addressing the issue of failure to file a notice of appeal, the Court indicated that the § 2255 amendments were time-barred.  However, even if they were not, Gittens' claims raised therein would fail.

Gittens claims his sentence would have been different if defense counsel had argued that he was entitled to relief from the statutory minimum pursuant to 18 U.S.C. § 3553(f).  Gittens is incorrect.  The testimony of several witnesses established that he possessed at least one firearm in connection with his drug trafficking activities.  Therefore, Gittens failed to meet one of the criteria for relief from the statutory minimum.  *See* 18 U.S.C. § 3553(f)(2).

Gittens next claims that the AUSA gave his witness, Preston Eckman, a "packet" that "seemed to convince Mr. Eckman to change his testimony" from that given at his first trial.  In this speculative assertion, Gittens does not specify the manner in which the testimony changed or allege that the witness lied.  Rather, apparently the witness did not testify as he had hoped.  Given the strength of the testimony against him from seven of his co-defendants, it is unlikely that Eckman's testimony, even if favorable to Gittens, would have affected the outcome of the case.

Finally, Gittens alleges that defense counsel was ineffective for agreeing that

**Memorandum Decision and Order - 20**

Jared Anderson could be excused after completion of his testimony. Having done so, Gittens alleges that it was impossible to counter Brandon Long's "fraudulent" testimony. However, Gittens has not identified any specific instances in which Long's testimony was untruthful. As stated above, mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah*, 878 F.2d at 1161. *See also Rodrigues*, 347 F.3d at 824 (a § 2255 motion must allege specific facts). Furthermore, given that Anderson was a witness for the Government who testified at length against Gittens, it is unlikely that he would have rebutted Long's testimony.

## CONCLUSION

In viewing counsel's overall performance, as it is required to do, throughout two trials and sentencing, the Court cannot find that Gittens' allegations overcome the strong presumption of "reasonable professional assistance." *See Kimmelman*, 477 U.S. at 386. It is apparent that Gittens' primary motivation in seeking § 2255 relief is to somehow avoid deportation following his release. *See § 2255 Motion* at 6 ("I am filing this motion with the Courts because in order for me to beat my deportation case I need a sentence reduction. I am asking the Court to drop my sentence of 63 month (sic) to the time recommended by my P.S.I. or if possible

dropped to eleven months to avoid all interaction with immigration.").[6] *See also Amendments to § 2255 Motion* at 5 (stating that if defense counsel had tried to negotiate a "suitable compromise" with the Government, it would have "negate[d] any possibility of an INS detainer").  The immigration consequences of a conviction are irrelevant to a consideration of the legality of a conviction or sentence.  Rather, the Court's concern is whether Gittens was prejudiced by any performance of counsel that was outside "the wide range of reasonable professional assistance."  *See Strickland*, 466 U.S. at 689.  Gittens' claims of isolated instances of alleged deficient performance throughout two trials and a sentencing are a classic example of second guessing counsel's assistance and are not sufficient to render the proceedings constitutionally unreliable.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Gittens' Motion to Amend § 2255 (Docket No. 26), Motion for Transcripts (Docket No. 32), Motion for Trial Transcripts (Docket No. 33), and Supplemental Appendix (Docket No. 34) construed as a Motion for New Trial are DENIED.

IT IS FURTHER HEREBY ORDERED that Gittens' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C.

---

[6]  The PSR actually recommended a sentence of 66 months.

**Memorandum Decision and Order - 22**

§ 2255 (Docket No. 1) as amended by Amendments to § 2255 Motion (Docket No.

4) is DENIED and the case is DISMISSED.



DATED:  **September 11, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 23**